IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSABLE CAPITAL PARTNERS, LLC, a Delaware limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>SATI EXPORTS INDIA PRIVATE LIMITED, a company formed under the laws of India; SAMSARA SURFACES LLC, a Georgia limited liability company; ANIMESH JAISWAL, an individual; and ALOK JAISWAL, an individual;<br><br>Defendants. | **8:21CV129**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Samsara Surfaces LLC's ("Samsara") motion to for leave to amend its answer. For the reasons that follow, the motion will be granted.

BACKGROUND

This case was filed on March 25, 2021 and due to difficulties with the overseas service of Defendant Sati Exports India Private Limited ("Sati"), the undersigned entered a final progression order progressing the claims between Plaintiff and the remaining Defendants, who had already filed responsive pleadings.[1] (See Filing Nos. 24, 27). The court amended the progression order four times, as the parties were unable to complete discovery without the service and participation of Sati. (See Filing Nos. 33, 44, 49, 57).

---

[1] Answers: Samsara Surfaces, LLC, Filing No. 17; Animesh Jaiswal, Filing No. 18; Alok Jaiswal, Filing No. 19

A motion for alternative service was litigated, and ultimately Sati filed an Answer on March 13, 2023. The current final progression order was entered on March 31, 2023, in response to the parties' Stipulated Motion for Extension of Deadlines on March 29, 2023. (Filing Nos. 77, 78). The progression order included a deadline of May 31, 2023 for filing any motions for leave to amend a pleading.

Defendant Samsara has timely requested leave to file an amended answer, with a copy of the proposed amended answer attached to the motion.[2] (Filing No. 81 at CM/ECF pp. 8-23). As stated in Plaintiff's response brief, Plaintiff is not opposed to the majority of the amendments proposed. Rather, Plaintiff objects only to the amendment of paragraph 65 and the addition of one specific affirmative defense contained in paragraph 145. The additional proposed affirmative defense asserts Plaintiff's claims are barred by the economic loss doctrine. (Filing No. 82 at CM/ECF p. 3).

ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." Abarca v. Werner Enterprises, Inc., No. 8:14CV319, 2018 WL 6446882, at *1 (D. Neb. Dec. 10, 2018), citing Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the court. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

---

[2] While the proposed amended answer is not redlined, in accordance with NeCivR 15.1, the motion specifically states the proposed amendments. Thus, to avoid further delay, the undersigned will consider the motion and proposed amendments together.

I.      Paragraph 65

Samsara's motion is timely pursuant to the progression order. (See Filing No. 78, at ¶ 3). Plaintiff opposes the motion arguing the original response to paragraph 65 went so far beyond what was alleged that the response constituted a judicial admission.³ Thus, Plaintiff argues, Defendant cannot "walk back" the response to Paragraph 65, by asserting a categorical denial in the amended answer. (Filing No. 82 at CM/ECF p. 3).

Generally, factual assertions admitted by a party in an answer or response are considered judicial admissions which are conclusively binding upon the party who made them. In re C.F. Foods, L.P., 265 B.R. 71, 87 (Bankr. E.D. Pa. 2001), citing White v. ARCO/Polymers, Inc., 720 F.2d 1391, 1396 (5th Cir.1983). See, also Davis v. Echo Valley Condo. Ass'n, 349 F. Supp. 3d 645, 653 (E.D. Mich. 2018), aff'd, 945 F.3d 483 (6th Cir. 2019). However, "[a]dmissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions." White at 1396, n. 5, citing 3 Moore's Federal Practice & Procedure ¶ 15.08[7] at 15-128 (1982). A party may introduce superseded admissions into evidence to be considered as adverse evidentiary admissions by the fact-finder. Id. at 1396; See also Borel v. United States Casualty Co., 233 F.2d 385, 387–88 (5th Cir.1956).

---

³ Paragraph 65 of the Complaint:
   Defendants Jaiswal and Alok represented that Sati would pay AuSable for its considerable services used to obtain the AuSable-Sunderland Transaction.
(Filing No. 1 at CM/ECF p. 9)

Answer:
   Admit that Alok Jaiswal ("Alok") and Animesh agreed to pay a "finder's fee" assuming that the numbers discussed were true and accurate and that Plaintiff had a binding and enforceable letter of intent. Deny that Plaintiff's services were "considerable" and deny the remaining allegations in paragraph 65.
(Filing No. 17 at CM/ECF p. 5).

Proposed Amended Answer Paragraph 65:
   Deny the allegations in paragraph 65.
(Filing No. 81 at CM/ECF p. 13)

Plaintiff asserts amendments that are "designed to 'walk back' previous admissions should be denied where the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if admitted would have the effect of prejudicing another party to the action. (Filing No. 82 at CM/ECF p. 3.

Although this case has been pending since March 2021, it took two years to serve all parties and have each defendant's answer on file. The final progression order was entered on March 31, 2023; the parties are still early in the discovery process, and the court has not yet set a trial date. Further, the parties agreed to an additional extension of discovery deadlines, and no discovery deadlines have expired. In consideration of the above, the court finds there can be little to no prejudice to another party as a result of the amendment and Defendant should be granted leave to file its amended answer. Defendant will be allowed to amend its answer to include an updated Paragraph 65.

II.   Economic Loss Doctrine Affirmative Defense, Paragraph 145

Defendant's proposed amended answer contains multiple additional paragraphs, numbered 144 through 149, each under the heading of affirmative defenses. The only paragraph Plaintiff opposes is the addition of paragraph 145 stating "Plaintiff's claims are barred by the economic loss doctrine." (Filing No. 81 at CM/ECF p. 21).

Fed. R. Civ. P. 8(c) requires affirmative defenses to be pled in a party's answer, and generally, "failure to plead an affirmative defense results in a waiver of that defense." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008)(quoting First Union Nat'l Bank v. Pictet Overseas Trust Corp., 477 F.3d 616, 622 (8th Cir. 2007)). However, a court has discretion to grant a defendant leave to amend an answer to include an omitted Rule 8(c) defense. Abarca, at *2 citing Zotos

v. Lindbergh Sch. Dist., 121 F.3d 356, 360 (8th Cir. 1997)(quoting Sanders v. Dep't of Army, 981 F.2d 990, 991 (8th Cir. 1992)).

Plaintiff contends the amendment of the pleading to add the affirmative defense of the economic loss doctrine should be denied because the proposed amendment would be futile. An amendment's futility justifies a court's denial of leave to amend a pleading. Geier v. Missouri Ethics Com'n, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." Joao Bock Transaction Sys., LLC v. Online Res. Corp., No. 8:13CV245, 2015 WL 12698384, at *2 (D. Neb. Mar. 19, 2015), citing Gamma-10 Plastics, Inc. v. Am. President Lines, 32 F.3d 1244, 1255 (8th Cir. 1994) (quotations and citations omitted). "[L]ikelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous." Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999); Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted).

"[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under [Rule 12(b)(6)]." Hintz v. JPMorgan Chase Bank, N.A., 686 F.3d 505, 511 (8th Cir. 2012). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be ... futile." Sokolski, 178 F.R.D. at 396.

The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." Sharper Image Corp. v. Target Corp., 425 F.Supp.2d 1056 (N.D.Cal.2006) (internal citation omitted); see Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir.2000). See, also, Henderson State Bank v. Lowderman, No. 8:20CV47, 2021 WL 5234409, at *2 (D. Neb. Nov. 10, 2021) ("The question of whether Defendant has sufficiently plead the affirmative defenses 'should

be determined on the merits rather than as part of a motion to amend.'") After reviewing Samsara's proposed amended pleading, the court finds Samsara's proposed amendments are not frivolous, are related to the current issues, and will not significantly delay the case. The court will allow Samsara to file the proposed amended pleading.

For the sake of completeness, the court notes that at least one other district court in this circuit has held that the economic loss doctrine is not an affirmative defense which is waived if not specifically alleged under Fed. R. Civ. P.12(h)(1). See Keokuk Glycerin, LLC v. Midwest Lab'ys, Inc., No. 3:14-CV-111-JAJ-HCA, 2015 WL 12866981, at *3 (S.D. Iowa May 22, 2015). (denying leave to amend but finding that defendant was not precluded from raising the economic loss doctrine as a bar to plaintiffs' claims on summary judgment). Thus, if Defendant is not obligated to raise the economic loss doctrine as an affirmative defense in order for the court to consider it as a defense, Paragraph 145 may be extraneous, but there is no harm in allowing Defendant to include it in the amended pleading.

Accordingly,

IT IS ORDERED:

1) Defendant Samsara's motion for leave to file an amended answer is granted. (Filing No. 81). Defendants shall file their proposed amended answer, a copy of which is attached the motion, on or before July 28, 2023.

Dated this 24th day of July, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge