IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSABLE CAPITAL PARTNERS, LLC, a Delaware limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>SATI EXPORTS INDIA PRIVATE LIMITED, a company formed under the laws of India; SAMSARA SURFACES LLC, a Georgia limited liability company; ANIMESH JAISWAL, an individual; and ALOK JAISWAL, an individual;<br><br>Defendants. | **8:21CV129**<br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Pending before the court are Plaintiff's Motion to Amend the Complaint (Filing No. 99), and Plaintiff's motion for leave to withdraw admissions (Filing No. 103). Upon review the undersigned recommends that the stipulations contained Plaintiff's motion to amend be approved, and that the Motion to Amend be denied in all other respects. The motion to withdraw admissions will be granted.

BACKGROUND

This case was filed on March 25, 2021 and due to difficulties with the overseas service of Defendant Sati Exports India Private Limited ("Sati"), the undersigned entered a final progression order progressing the claims between Plaintiff and the remaining Defendants, who had already filed responsive pleadings.[1] (See Filing Nos. 24, 27). The court amended the progression order four times, as the parties were

---

[1] Answers: Samsara Surfaces, LLC, Filing No. 17; Animesh Jaiswal, Filing No. 18; Alok Jaiswal, Filing No. 19

unable to complete discovery without the service and participation of Sati. (See Filing Nos. 33, 44, 49, 57).

A motion for alternative service was litigated, and ultimately Sati filed an Answer on March 13, 2023. As requested in the parties' stipulated motion, the current final progression order was entered on March 31, 2023. (Filing Nos. 77, 78). The progression order included a deadline of May 31, 2023 for filing any motions for leave to amend a pleading. Defendant Samsara timely filed a motion for leave to file an amended answer, and the motion was granted. Samsara's amended answer was filed on July 26, 2023. (Filing No. 94).

At the joint request of the parties, the deadline for completing written discovery was extended to July 28, 2023, and the deadline for filing motions to compel was extended to August 11, 2023. (Filing No. 88). On October 26, 2023, Plaintiff filed a motion to amend the complaint (Filing No. 99), accompanied by a redlined copy of the proposed amended complaint. (Filing No. 99 at CM/ECF pp. 4-24).

Plaintiff filed a motion for leave to withdraw admissions on October 27, 2023. (Filing No. 103). The motion states Plaintiff's counsel failed to respond to Defendant Samsara's second set of requests for admissions, served June 14, 2023, due to an oversight. (Filing No. 104-2). Plaintiff prepared answers and responses on July 8, 2023 and provided them to Plaintiff's counsel for submission to Samsara. Counsel intended to serve the responses with the supplemental disclosures served on Samsara on July 13, 2023. (Filing No. 104-3; Filing No. 104-4). On October 26, 2023, counsel discovered that the responses to the requests for admission were not sent and promptly called counsel for Samsara. Counsel for Samsara was not aware that the responses had not been provided. (Filing No. 104-1). The next day, Plaintiff filed the pending motion to withdraw admissions. While Plaintiff admits

certain allegations in the Requests for Admission, it seeks limited relief to deny Requests 5, 8, 11, 13, 14, 16, and 19.

## ANALYSIS

I.  Motion to Amend:

Under Fed. R. Civ. P. 15, unless a pleading may be amended under 15(a)(1)(A), "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." The Supreme Court has directed that "this mandate is to be heeded" as long as there is an "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Cont'l Cas. Co. v. Greater Omaha Packing Co., Inc., No. 8:14-CV-194, 2016 WL 11795814, at *1 (D. Neb. Jan. 15, 2016), citing Foman v. Davis, 371 U.S. 178, 182 (1962).

Federal Rule of Civil Procedure Rule 16(b) guides the district court on how to issue and modify pretrial scheduling orders and provides that "[e]xcept in categories of actions exempted by local rule, the ... judge ... must issue a scheduling order." Fed. R. Civ. P. 16(b)(1). The order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The court's scheduling order in this case set a May 31, 2023 deadline for moving to amend pleadings. (Filing No. 78). Under Rule 16, Plaintiff is not permitted to file an amended complaint beyond the date set in the scheduling absent a showing of good cause. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) (finding that the application of Rule 16(b)'s good-cause

standard is "not optional"); Mehner v. Furniture Design Studios, Inc., No. 8:22CV168, 2023 WL 3727701, at *2 (D. Neb. May 30, 2023). It is the moving party's burden to show good cause. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003).

Plaintiff asserts there is good cause to make the following amendments:

a) Removal of Samsara Surfaces, LLC as a party defendant;
b) Clarify specific interactions and representations made by and between the Plaintiff and Defendants during their investigation and performance of due diligence of the Sunderland Brothers' asset acquisition;
c) Clarify the agency of Defendants Animesh Jaiswal and Alok Jaiswal in their representation of Sati in North America;
d) Clarify the agreement as to material terms for the acquisition of Sunderland Brothers' assets, following the parties' material completion of due diligence;
e) Clarify the terms of the parties' agreement for the payment of $200,000, rather than framed as an accord and satisfaction for an antecedent contract;
f) Removal of the theory of recovery for failure to consummate the accord and satisfaction;
g) Add promissory estoppel as a theory of recovery, based on the same underlying factual basis; and
h) Clarify the misrepresentations made by Defendants Animesh and Alok Jaiswal.

(Filing No. 99 at CM/ECF pp. 1-2).

A. Unopposed Amendments

Defendants consent and stipulate to the elimination of Defendant Samsara Surfaces as a party, and the elimination of the theory of recovery for failure to consummate the accord and satisfaction. (items (a) and (f), above). (Filing No. 101-1 at CM/ECF p. 2). Accordingly, the undersigned recommends that Judge Rossiter accept these amendments to the complaint.

B. Opposed Amendments

Plaintiff asserts there is good cause for amendment of the complaint because it has been diligent in pursuing the case, and because written discovery continued after the deadline to amend. It also argues that information has become available to Plaintiff which was not available to it prior to the deadline for filing motions for leave to amend. Plaintiff deposed Defendants Animesh and Alok Jaiswal on October 5, 2023 as litigants in their individual capacities, and as officers of Defendant Samsara. On October 20, 2023, Plaintiff deposed Pankaj Chaudhary, the founding director of Defendant Sati. Plaintiff asserts that after the depositions, it determined that it had grounds to assert an additional theory of recovery for promissory estoppel "based on the same factual cause of action." (Filing No. 100 at CM/ECF p. 4). Plaintiff also determined that it should eliminate Samsara as a party defendant. By October 25, 2023, Plaintiff circulated a copy of the proposed First Amended Complaint among the defendants to determine whether they objected to its filing. (Filing No. 101-1).

Defendants argue that AuSable has not met the burden to show good cause for amending its complaint to include a promissory estoppel claim. Samsara argues that from the outset, it was clear that there was a dispute as to whether there was a contract or promise to do anything. (Filing No. 1, Filing No. 17, Filing No. 18, Filing No. 19). AuSable asserts that new facts were gleaned during discovery which occurred after the deadline for requesting leave to amend. However, AuSable has not pointed to any specific facts to support this assertion.

AuSable denies Defendants' argument that it "should have known in March 2021 prior to the conduct of any disclosures, written discovery, or depositions, that a potential promissory estoppel theory of recovery was available." (Filing No. 116). It argues that at the time of the original complaint, AuSable was convinced that an

enforceable contract with Sati existed. In reality, AuSable may have been convinced that it had an enforceable contract with Defendants. But, a review of the pleadings shows that each of the Defendants asserted or affirmatively alleged there was no enforceable contract in their original answers. (Filing No. 17 at CM/ECF p. 5 ¶ 75; Filing No. 18 at CM/ECF p. 5 ¶ 75; Filing No. 19 at CM/ECF p. 5 ¶ 75; Filing No. 74 at CM/ECF p. 11). Additionally, AuSable answered written discovery requests in June and July 2022 clearly aimed at determining whether a contract existed, and what that agreement, if any, looked like. (Filing No. 118-2, Plaintiff's responses to Samsara's requests for admission; Filing No. 109 at CM/ECF pp. 11-29, Plaintiff's answers to Samsara's First Set of Interrogatories).

Upon review, AuSable knew or should have known the existence and/or enforceability of any contract or agreement was at issue and could have taken action to protect its interests and to plead additional theories of recovery prior to the expiration of the deadline for moving to amend the pleadings. And, if Plaintiff needed additional time to review written discovery prior to filing a motion to amend, it could have sought an extension of that deadline prior to its expiration.

Additionally, Sati argues it will be prejudiced if the amendment is allowed. The Eighth Circuit "has acknowledged that prejudice is present 'when late tendered amendments involve new theories of recovery and impose additional discovery requirements . . . .'" Union Pac. R. Co. v. Herzog Contracting Corp., No. 8:06CV739, 2008 WL 345801, at *1 (D. Neb. Feb. 5, 2008) (quoting Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)). AuSable explicitly acknowledges that it is seeking to add a new theory of recovery. (Filing No. 100 at CM/ECF p. 6). If the amendments would impose additional discovery requirements, then the proposed amendments could be prejudicial to the defendants.

To be clear, the court does not fault Plaintiff for case delay due to the difficulty of serving Defendant Sati in India. Nor is the court finding that requesting leave to amend out of time five months beyond the deadline is unacceptable, particularly where a motion for leave to amend the answer was pending from May 31, 2023 to July 24, 2023.[2] However, the court simply cannot find that good cause exists to amend the complaint to add a new theory of recovery under the circumstances. And, having found that there is no good cause to amend the pleading, the court need not address Defendants' arguments that the proposed amendments are futile and do not state a plausible claim for promissory estoppel.

II.    Motion to Withdraw Admissions

Plaintiff has moved to withdraw his deemed admissions to Defendant Samsara's Requests for Admissions 5, 8, 11, 13, 14, 16 and 19. (Filing No. 103).

The Samsara and the Jaiswal Defendants urge the court to consider Plaintiff to have abandoned its position because it did not file a separate brief and motion per NECivR 7.1(A)(1). However, Plaintiff did file a detailed motion identifying the admissions in question, a separate index of evidence, and a reply brief in support of its motion. To prevent any further delay of this case and in consideration of Fed. R. Civ. P. 1, the court will consider Plaintiff's motion on the merits.

Under Fed. R. Civ. P. 36(a)(3) "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." A court may permit withdrawal of deemed admissions when doing so would promote the movant's ability to have the case decided on its

---

[2] See Sheng Int'l Co. v. Prince Americas, LLC, No. 8:20-CV-124, 2021 WL 5416227, at *4 (D. Neb. Nov. 19, 2021.

merits and withdrawal of the admission will not prejudice the opposing party's claims or defenses on the merits. F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) (interpreting Rule 36(b)).

>Specifically, Fed. R. Civ. P. 36(b) provides:
>
>Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

(Id., emphasis added). The two-prong test of Rule 36(b) directs the court to consider the "effect upon the litigation and prejudice to the resisting party[.]" Mid Valley Bank v. North Valley Bank, 764 F.Supp. 1377, 1391 (E.D.Cal.1991), rather than focusing on the moving party's excuses for an erroneous admission. F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994).

"When a matter is admitted, it is 'conclusively established' for purposes of the action" Eddy v. Bellevue Berry Farms, Inc., No. 8:18CV221, 2019 WL 3035495, at *1 (D. Neb. July 11, 2019). Upon review, it is clear that if Requests for Admission 5, 8, 11, 13, 14, 16, and 19 are not withdrawn, Plaintiff would be prevented from fully presenting the case and having it decided on the merits.

As to the second prong and as discussed in further detail, above, Plaintiff has requested to amend the complaint to remove Defendant Samsara as a party. Samsara objects to the motion to withdraw admissions only to the extent that it remains a party to this action. Samsara will be dismissed upon the agreement of all parties, thus there can be no prejudice to Defendant Samsara if the admissions are deemed withdrawn.

Although the Jaiswal Defendants also oppose the motion, they are not the requesting party, therefore the court need not consider prejudice to them in determining whether the deemed admissions may be withdrawn. Further, Plaintiff has demonstrated, and no party has disputed, that Samsara was unaware that responses to the requests for admissions were not served. The prejudice contemplated by Rule 36(b) " 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir.1983) (quoting Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982)). It is highly unlikely that any defendant was prejudiced by Plaintiff's oversight.

Discovery has recently closed, and it is unlikely that discovery will need to be reopened as a result of the responses to Samsara's requests for admissions. Moreover, the motion to withdraw admissions was filed promptly after the oversight was discovered and before the November 6, 2023 deposition deadline. The Jaiswal Defendants argue that they were not given sufficient opportunity or notice to examine the requests for admissions before the depositions of Plaintiff's representatives. If Defendants require limited additional discovery in response to the withdrawal of these admissions, the parties shall promptly confer and submit proposed amended progression deadlines to the chambers of the assigned magistrate.

Accordingly,

IT IS RECOMMENDED to the Honorable Robert F. Rossiter, Jr., Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the stipulations in Plaintiff's motion to amend be approved, dismissing Defendant Samsara Surfaces LLC as a party and dismissing Plaintiff's theory of recovery for failure to consummate the accord and satisfaction.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) Plaintiff's motion to amend is denied, except as to the stipulations for dismissal of Samsara Surfaces, LLC as a party, and dismissal of the theory of recovery for failure to consummate the accord and satisfaction. ([Filing No. 99](#)).

2) Plaintiff's motion to withdraw admissions is granted. ([Filing No. 103](#)). Plaintiff's responses to Defendant Samsara's second set of Requests for Admissions served in conjunction with its motion are permitted to stand and the deemed admissions to Nos. 5, 8, 11, 13, 14, 16, and 19 are withdrawn.

3) A status conference is set before the assigned magistrate judge on January 16, 2024 at 9:00 a.m. to discuss case progression, the parties interest in settlement and the pretrial conference and trial settings. The parties shall use the conferencing instructions assigned to this case to participate in the call.

Dated this 14th day of December, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge